[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
DECISION
This matter is before the court pursuant to a January 4, 1991 hearing on Cynthia M. and Ronald Regos' prayer for a preliminary injunction barring Patrick E. Lavery from the use and maintenance of the Regos' path[1]. The path in question is located on the Rego property in the town of Tiverton, Rhode Island identified on Tiverton Assessor's Map 130, lots 15, 15A and 15B. Lavery owns the adjoining land separated from the Rego property by an old stone wall. The path runs along the Rego's side of the stone wall. Lavery's property is divided in half, perpendicular to this wall, by a swamp. It has been Lavery's practice since purchasing the property in 1979 to access the back portion of his property by traversing the path on the Rego land. The Regos allowed this use until sometime in October, 1990, when Lavery entered upon the path and its adjoining land and, through the use of chainsaws and a backhoe, removed trees, vegetation and boulders from the property. Lavery claims he removed the wood because one tree was a hazard and because the other trees were felled across the path.
As a result of the October, 1990 incident, the Regos seek injunctive relief (1) restraining and enjoining Lavery and his guests from entering upon the Rego land and (2) restraining Lavery from cutting wood, brush or trees located upon the Rego property.
The issue this court must decide is whether the Regos may at this time enjoin Lavery from entering upon the Rego path. Before issuing an injunction, this court must survey the facts and apply the traditional tests for equitable relief. This involves evaluating the probability of success on the merits, balancing the equities, weighing the hardships of either side, and examining the practicality of imposing the desired relief. R.I.Turnpike Bridge Authority v. Cohen, 433 A.2d 179 (R.I. 1981). In addition, the complaining party must show that any legal remedy would be inadequate; in other words, that irreparable injury would result if the injunction failed to issue. Id. at 182. Mindful of this standard, the court finds that the Regos have failed to demonstrate that they will sustain irreparable injury if the injunction is not granted.
The Regos will not suffer irreparable harm if Lavery is permitted to use the pathway that presently exists and incidental to such use to keep said pathway free of materials or vegetation that would serve as an impediment to ingress/egress over the path. Permitting such use would pose minimal hardship to the Regos even if they are eventually successful in the defense of the counterclaim and do become entitled to permanent injunctive relief. The path already exists and continued use by the Laverys until such time as the counterclaim is tried would simply perpetuate a use that has been utilized for over ten years. In balancing the equities, the Court concludes that to deny Lavery such use until such time as their counterclaim can be heard would pose a significant hardship since it would prevent use of the path to access the rear portion of his property.
This court finds that the record does not reflect sufficient evidence to sustain a finding of irreparable harm to the Regos. Therefore, the Rego's prayer for injunctive relief is hereby denied.
The parties will proceed to an eventual trial of the counterclaim.
[1] The parties agreed to consolidate the Rego's prayer for a permanent injunction. However, defendant's counterclaim asserting a prescriptive easement in the path was not consolidated for hearing. Accordingly, the court makes no specific findings regarding the essential elements of that case. Therefore, the court cannot decide whether a permanent injunction should issue until such time as the counterclaim is tried. Additionally, the Regos seek monetary damages for the permanent loss of wood, trees and brush. That claim also cannot be resolved until such time as the counterclaim is tried.